UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAREEN ISMAIL, M.D., and THE ALEXANDRE CENTRE
FOR CHILDREN'S HEALTH (ISMAIL MEDICINE PLLC),

               Plaintiffs,

                                        Civil Action No.: 5:25-cv-01653

vs.

NEW YORK STATE DEPARTMENT OF HEALTH,
JAMES V. MCDONALD, JOSEPH A. GIOVANNETTI,
JENNIFER PERSON, and JOHN DOES 1-5,

               Defendants.
_____

## ATTORNEY DECLARATION IN SUPPORT
## OF APPLICATION FOR AN ORDER TO SHOW CAUSE

I, **CHAD A. DAVENPORT**, an attorney duly admitted to practice in the State of New York and before this Court, affirm the following to be true under the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the principal of Davenport Law PLLC, counsel for Plaintiffs Shareen Ismail, M.D. ("Dr. Ismail") and The Alexandre Centre for Children's Health ("The Centre") in the above-captioned action.

2. I submit this declaration based on my personal knowledge, my review of the documents and evidence in this case, and my conversations with Dr. Ismail and the witnesses identified herein. This declaration is made in support of Plaintiffs' application for an Order to Show Cause seeking a Temporary Restraining Order ("TRO") and a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

3. Pursuant to Individual Rule 2.A.iii of the Honorable Mae A. D'Agostino and Local Rule 7.1(e), Plaintiffs proceed by Order to Show Cause because

ordinary motion practice is unavailable. Ordinary motion practice would result in undue delay during which the Defendants are actively destroying evidence (spoliation of NYSIIS records) and intimidating witnesses. Immediate relief is necessary to preserve the status quo and prevent further irreparable harm before Defendants can be heard.

4. I have provided advance notice of this emergency application to the New York State Attorney General's Office and attorneys with the NYSDOH representing the Defendants in this action, as previously requested by their counsel.

**Good Cause for Emergency Relief**

5. This declaration is submitted to demonstrate the immediate and catastrophic harm necessitating an Order to Show Cause. Standard motion practice is wholly inadequate to address the active, state-sponsored campaign of destruction currently being waged against the Plaintiffs.

6. **Immediate Irreparable Harm:** Defendants are currently maintaining a public website that labels Dr. Ismail a "fraud" and directs schools to reject her medical records. Every day this website remains active, Dr. Ismail loses patients, suffers permanent reputational damage, and is effectively barred from practicing her profession. This digital scarlet letter constitutes a continuing violation of her due process rights ("stigma-plus") that money damages cannot retroactively cure.

7. **Active Witness Intimidation:** Emergency intervention is required because Defendants have escalated their tactics to active harassment of witnesses. As detailed in the accompanying declarations, DOH agents are currently contacting patients to slander Dr. Ismail and making unannounced detective visits to the

private homes of her employees. This police-state conduct is designed to chill speech and dismantle the Plaintiffs' practice now, before a standard motion could be heard.

8. **Spoliation of Evidence:** Immediate judicial oversight is critical because Defendants have demonstrated a willingness to destroy government records. On November 12, 2025, valid immunization records were wiped from the state database just 48 hours after being validated. A TRO is necessary to preserve the status quo and prevent further spoliation of digital evidence.

**Supporting Exhibits**

9. In support of their application for an Order to Show Cause and motions for a TRO and Preliminary Injunction, Plaintiffs will submit the following exhibits, which are attached hereto and incorporated by reference:

- **Exhibit A: Declaration of Plaintiff Shareen Ismail, M.D.** Dr. Ismail's sworn statement detailing the sudden publication of the "Fraud" list, the summary suspension of her clinic's NYSIIS access without a hearing, and the devastation to her practice.

- **Exhibit B: Declaration of Barbara Campbell.** A sworn declaration from a patient who was interrogated by Defendant Jennifer Person. Ms. Campbell attests that Defendant Person slandered Dr. Ismail ("Were you aware she is against vaccines?"), declared her records "void," and threatened an unannounced home raid.

- **Exhibit C: Declaration of Maria Petersen, RN.** A sworn declaration from a nurse employed by Plaintiffs. Ms. Petersen attests that DOH "detectives"

conducted an unannounced interrogation at her private residence on November 14, 2025, bypassing legal counsel to intimidate her.

- **Exhibit D: The "School Vaccination Fraud Awareness" Website.** A true and correct screenshot of the NYSDOH website where Defendants have publicly listed Dr. Ismail as a fraud, alongside banned and unlicensed providers.

- **Exhibit E: The Defective Subpoena (Inv. No. DOH-0942(b)).** A copy of the subpoena issued by Defendant Giovannetti on September 30, 2025, which cites general administrative powers (PHL § 206) to circumvent the mandatory safeguards of the physician disciplinary statute (PHL § 230).

- **Exhibit F: Email from Defendant Giovannetti (Oct 1, 2025).** Correspondence announcing the "effective immediately" suspension of the entire clinic's NYSIIS access, confirming the lack of a pre-deprivation hearing.

- **Exhibit G: Plaintiffs' Formal Objection Letter (Oct 20, 2025).** My letter to Defendant Giovannetti outlining the legal defects of the subpoena and demanding the restoration of due process rights.

- **Exhibit H: Email from Defendant Giovannetti (Oct 27, 2025).** Defendant Giovannetti's refusal to withdraw the subpoena or the website listing, confirming the DOH's intent to maintain the "stigma" without process.

- **Exhibit I: The County Health Department's Validation Email (Nov 10, 2025).** An email from Brittany Checksfield, RN (Onondaga County Health Dept.), confirming she entered and validated the immunization records that Defendants subsequently deleted.

- **Exhibit J: NYSIIS Photograph / Screenshot.** Photo/screenshot of the NYSIIS screen showing the vaccine record for Dr. Ismail's child present on November 10, 2025 and then wiped clean on November 12, 2025.

- **Exhibit K: Ring Camera Footage.** A video file of the audio/video recording of the call between Defendant Jennifer Person and Barbara Campbell, documenting the slander and threats. (The video file will be submitted via thumb drive as per Court rules).

- **Exhibit L: Notice of Intention to File Claim.** Proof of service of the Notice of Claim upon the Attorney General on October 23, 2025, satisfying the prerequisite for state law tort claims.

For the foregoing reasons, good and sufficient cause exists for this matter to proceed by an Order to Show Cause with a Temporary Restraining Order.

Dated: December 2, 2025                               Respectfully submitted,

**Davenport Law PLLC**

*/s/ Chad A. Davenport*

Chad A. Davenport, Esq.
*Attorney for Plaintiff*
Davenport Law PLLC
6384 Deanna Drive
Hamburg, NY 14075
(716) 217-0328
cdavenport@davenport.law