UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAREEN ISMAIL, M.D., and THE ALEXANDRE CENTRE
FOR CHILDREN'S HEALTH (ISMAIL MEDICINE PLLC),

       Plaintiffs,

                  Civil Action No.: 5:25-cv-01653

vs.

NEW YORK STATE DEPARTMENT OF HEALTH,
JAMES V. MCDONALD, M.D., M.P.H., JOSEPH A.
GIOVANNETTI, ESQ., JENNIFER PERSON, and
JOHN DOES 1-5 (Unknown DOH Investigators),

       Defendants.

---

### DECLARATION OF MARIA PETERSEN, RN

**PURSUANT TO 28 U.S.C. § 1746**, I, **MARIA PETERSEN, RN**, declare as follows:

1. I am a Registered Professional Nurse licensed to practice in the State of New York. I am employed as a nurse at The Alexandre Centre for Children's Health ("The Centre") in Fayetteville, New York.

2. I submit this Declaration to attest to the harassment and intimidation I experienced at my private home by agents of the New York State Department of Health ("DOH").

3. **Employment and Representation:** As an employee of The Centre, I was aware that the practice and its staff were being represented by legal counsel, Chad A. Davenport, Esq., in connection with an ongoing DOH investigation. I understood that all communications regarding this matter were to be directed through our attorney.

4. **The Unannounced Home Visit:** On or about November 14, 2025, I was at my private residence. I was off-duty and not working at the time.

5. Unexpectedly, individuals identifying themselves as "detectives" or investigators from the New York State Department of Health arrived at my home. They did not call ahead, nor did they provide any prior notice of their visit.

6. **The Interrogation:** These agents approached my doorstep and began questioning me about The Alexandre Centre and my work there.

- They did not present a warrant.
- They did not ask if I had legal counsel present.
- They proceeded to question me in a manner that I found coercive and intimidating.

7. **Intimidation:** The presence of government agents at my private home, unannounced, made me feel unsafe and targeted. It felt less like a routine administrative inquiry and more like a police raid. I felt pressured to answer their questions immediately, without the benefit of legal advice, for fear of retaliation against myself or my employer.

8. **Bypassing Counsel:** I am aware that the DOH had already issued a subpoena to the practice and was in communication with our attorney. By coming to my home, I believe these agents were deliberately attempting to bypass our legal counsel to interrogate me in an isolated and vulnerable setting.

9. **Impact:** This incident has caused me significant distress. I am now fearful that government agents may return to my home at any time. It has created a climate of fear among the staff at The Centre, as we feel we are being personally targeted for harassment simply for doing our jobs.

Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Maria Petersen