

**Chad A. Davenport, Esq.**
cdavenport@davenport.law

October 20, 2025

**Via Email**

Joseph A. Giovannetti, Esq.
Director, Bureau of Investigations
Division of Legal Affairs
New York State Department of Health
Corning Tower, Room 2438
Albany, New York 12237
Joseph.Giovannetti@health.ny.gov

Re: **Formal Objection to Subpoena Duces Tecum In the Matter of Alexandre Centre for Children's Health (Inv. No. DOH-0942(b))**

Dear Mr. Giovannetti:

Please accept this correspondence as the formal objection of my clients, Shareen Ismail, M.D., and The Alexandre Centre for Children's Health ("the Centre"), to the Subpoena Duces Tecum issued by the New York State Department of Health ("DOH" or "the Department") dated September 30, 2024 [sic] and served on or about October 1, 2025, in the above-referenced matter (the "Subpoena"). This Subpoena unlawfully commanded the production of voluminous records by October 15, 2025.

For the reasons detailed below, the Subpoena is legally invalid, unenforceable, procedurally defective, and predicated upon improper statutory authority. Furthermore, its demands are grossly overbroad, seek irrelevant information, and constitute an impermissible infringement upon legally protected physician-patient confidentiality. Accordingly, my clients hereby object to the Subpoena in its entirety and decline to produce the demanded records at this time.

### I. General Objections to the Subpoena

#### A. *The Subpoena is Invalid as it Relies Upon Improper Statutory Authority and Violates Due Process*

The Subpoena cites New York Public Health Law ("PHL") § 206(4)(a) and § 12-a(1) as its legal authority. These sections grant the Commissioner of Health general powers to issue subpoenas in connection with administrative proceedings and general public health inquiries. However, the substance of the Department's investigation, Inv. No. DOH-0942(b), clearly



**Chad A. Davenport, Esq.**
cdavenport@davenport.law

pertains to allegations of professional misconduct by a licensed physician, Dr. Ismail, specifically regarding alleged fraudulent or false reporting in the New York State Immunization Information System ("NYSIIS").

Investigations into physician professional misconduct are exclusively governed by the specific and detailed statutory scheme established by the Legislature in **PHL § 230**. This statute creates the State Board for Professional Medical Conduct ("BPMC") and the Office of Professional Medical Conduct ("OPMC") and mandates specific procedural safeguards designed to protect the due process rights of licensees. These crucial safeguards, entirely absent under PHL § 206 and § 12-a, include:

1. **A Mandatory Pre-Investigation Interview:** PHL § 230(10)(a)(iii) requires that providing the licensee an opportunity for an interview is a "condition precedent" to convening an investigation committee. Dr. Ismail was denied this fundamental right.

2. **Specific Written Notice:** Before such an interview, the licensee must receive at least twenty days' written notice detailing the conduct under investigation, the issues identified, the relevant timeframe, and patient identities. Dr. Ismail received no such notice prior to the Department's aggressive actions.

3. **Specific Procedures for Patient Records:** PHL § 230(10)(l) deems patient records obtained during an OPMC investigation confidential.

By invoking the general powers of PHL § 206 and § 12-a, the DOH has impermissibly circumvented the mandatory requirements of PHL § 230. This constitutes an abuse of process and a violation of Dr. Ismail's statutory and constitutional due process rights. Pursuant to the established legal principle that a specific statute governs over a general one, the DOH was legally obligated to proceed under PHL § 230 for this misconduct investigation. Its failure to do so renders the Subpoena void *ab initio*.

  B. <u>The Subpoena Appears to Be Issued in Bad Faith and for Improper Punitive Purposes</u>

The Department's conduct surrounding this investigation strongly suggests a punitive motive rather than a good-faith inquiry into facts. Specifically:

- DOH investigators deliberately bypassed undersigned counsel to serve the Subpoena directly, despite prior instructions.



**Chad A. Davenport, Esq.**
cdavenport@davenport.law

- The DOH suspended NYSIIS access not only for Dr. Ismail but for *all seven nurses* at the Centre, crippling its ability to provide essential patient care unrelated to the investigation.

- Most egregiously, the DOH publicly listed Dr. Ismail on its "School Vaccination Fraud Awareness" website *before* any finding of wrongdoing, effectively declaring her guilty without due process and causing immediate, severe reputational harm.

These actions demonstrate bad faith and an intent to punish Dr. Ismail and sabotage her practice rather than to fairly investigate a technical issue concerning historical data entry from 2021. A subpoena issued in bad faith or for purposes of harassment is unenforceable.

II. **Specific Objections to Demands**

   A. <u>Objection to Demand #2: Production of Medical Records for 51 Patients</u>

Demand #2 seeks "[a]ny and all records regarding vaccination administered by [Centre personnel]… of the fifty-one (51) individuals whose names and dates of birth are listed in Addendum 1… including but not limited to medical records ('charts'); clinical notes; appointment/scheduling records; billing records; and correspondence…". This demand is unlawful and unenforceable on multiple grounds:

1. **Violation of Physician-Patient Privilege and Patient Confidentiality:** This demand seeks wholesale disclosure of highly sensitive, confidential medical information for 51 individuals without their consent. Such disclosure is prohibited by New York law and public policy protecting the sanctity of the physician-patient relationship. PHL § 230(10)(l), reflecting this policy, mandates confidentiality even in proper OPMC investigations. The DOH provides no justification demonstrating that this sweeping intrusion is necessary or permissible under law.

2. **Gross Overbreadth and Lack of Relevance:** The demand for "any and all records" is staggeringly overbroad and seeks information far beyond the scope of the purported investigation into NYSIIS entries. Verifying a NYSIIS entry potentially requires only the specific entry log and the source document (e.g., an external paper record). Demanding entire patient charts containing unrelated clinical notes, histories, diagnoses, correspondence,



**Chad A. Davenport, Esq.**
cdavenport@davenport.law

and billing information constitutes an impermissible "fishing expedition." The relevance of these complete files to the specific allegations concerning Dr. Ismail's son's record entry is nonexistent.

3. **Further Evidence of Improper Motive:** The sheer breadth of Demand #2 underscores the DOH's likely pretextual motive: to conduct a general audit of the Centre's practice, potentially seeking unrelated grounds for criticism, such as reviewing medical exemptions issued by Dr. Ismail.

   B.   <u>Objection to Demand #1: Vaccine Purchase Records</u>

Demand #1 seeks all ordering, purchasing, and shipping records for ten specified vaccines from January 1, 2023, to the present. While the Centre maintains meticulous records of its vaccine purchases, this demand is objected to on grounds of **relevance**. The core allegation appears to concern the entry of historical vaccine data administered *out-of-state* in or before 2021. Records of the Centre's own vaccine inventory purchased from 2023 onward have no logical bearing on the propriety of that historical data entry. This demand further supports the conclusion that the investigation is an overbroad audit unrelated to the specific precipitating event.

   C.   <u>Objection to Demands #3 and #4: Employee Records and NYSIIS User Agreement</u>

Demand #3 seeks identifying information for all Centre employees from January 1, 2023, onward, and Demand #4 seeks the Centre's NYSIIS User Agreement. While these items might have arguable relevance to an investigation properly initiated under PHL § 230 concerning NYSIIS account usage, they are objected to as derivative of the fundamentally flawed Subpoena. As the Subpoena is invalid due to its reliance on improper statutory authority and issuance in bad faith, these demands are likewise unenforceable.

III.   **<u>Reservation of Rights</u>**

My clients reserve the right to assert additional objections to the Subpoena as may become apparent upon further review or through subsequent proceedings.

IV.   **<u>Conclusion and Statement of Non-Compliance</u>**

Based upon the foregoing objections, including the Department's failure to proceed under the legally mandated authority of PHL § 230, the violation



**Chad A. Davenport, Esq.**
cdavenport@davenport.law

of fundamental due process rights, the unlawful demand for privileged patient records, the gross overbreadth and lack of relevance of the demands, and the evidence of bad faith, my clients, Shareen Ismail, M.D., and The Alexandre Centre for Children's Health, hereby formally object to the Subpoena (Inv. No. DOH-0942(b)) in its entirety.

**Accordingly, my clients will not produce the documents demanded in the Subpoena.**

We demand that the Department immediately:

1. Withdraw the instant Subpoena Duces Tecum (Inv. No. DOH-0942(b)).

2. Cease all investigative activities conducted under the improper authority of PHL § 206 and § 12-a concerning these allegations of professional misconduct. If the Department intends to pursue these allegations, it must do so in strict compliance with the procedures mandated by PHL § 230.

3. Immediately reinstate full NYSIIS access for The Alexandre Centre for Children's Health and all its nursing staff.

4. Immediately remove Dr. Shareen Ismail's name from the Department's public "School Vaccination Fraud Awareness" website and cease and desist from making any further public statements implying wrongdoing by Dr. Ismail or the Centre absent a final adjudication through proper legal channels.

Please be advised that we are simultaneously preparing a Notice of Claim against the Department for defamation based on its premature and damaging public listing of Dr. Ismail. We trust the Department will reconsider its legally untenable position. Failure to withdraw the Subpoena will compel my clients to seek judicial intervention via a motion to quash.

We await your prompt response confirming the withdrawal of the Subpoena.

Sincerely,

*s/Chad A. Davenport*

Chad A. Davenport, Esq.
Davenport Law PLLC